IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOSHUA MARTIN,<br><br>    Plaintiff,<br><br>vs.<br><br>DR. KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>    Defendant. | 4:22-CV-3266<br><br>ORDER ON MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS |

  This matter is before the Court on petitioner Joshua Martin's Motion for Leave to Proceed in Forma Pauperis. Filing 2. Attached to Martin's Motion is an affidavit stating the issues he is appealing to this Court from the Social Security Administration and outlining his finances. Filing 2-1. In his affidavit, Martin avers that he receives no income, has not held employment for the past two years, and that he is unable to work. Filing 2-1 at 1–6. The affidavit further shows that Martin does not have a spouse or dependents. Filing 2-1 at 2.

  Under 28 U.S.C. § 1914, the clerk of each district court requires the party "instituting any civil action, suit or proceeding" to pay filing fees. An exception is made for those proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915. That statute "is designed to ensure 'that indigent persons will have equal access to the judicial system.'" *Lee v. McDonald's Corp.*, 231 F.3d 456, 458 (8th Cir. 2000) (quoting *Greaser v. State of Mo., Dep't of Corrections*, 145 F.3d 979, 985 (8th Cir. 1998)). The movant is not required "to demonstrate absolute destitution" to qualify for *in forma pauperis* status. *Id.* at 459.

  Proceeding *in forma pauperis*, however, is a privilege, not a right. *See Williams v. McKenzie*, 834 F.2d 152, 154 (8th Cir. 1987). Moreover, if at any time the Court determines that the claim of poverty is untrue, it must dismiss the action. *See* 28 U.S.C. § 1915(e)(2). "This

1

requirement does not mandate that the district court dismiss [the movant's] claim if it finds that certain assertions in his affidavit are untrue; instead, it requires the district court to dismiss the claim if it finds that [the movant] is not sufficiently poor to qualify for in forma pauperis status given the facts that are true." *Lee*, 231 F.3d at 459.

28 U.S.C. § 1915 applies to cases appealing the Social Security Commissioner's decision to deny disability benefits. *See Amara v. Boeing*, No. 4:22-CV-01054 RLW, 2022 WL 16571166, at *1 (E.D. Mo. Nov. 1, 2022) (considering whether the movant in a social security disability case qualified for *in forma pauperis* status); *see also* 28 U.S.C. § 1915 (outlining that a person may proceed *in forma pauperis* during the "commencement, prosecution or defense of any suit, action or proceeding, civil or criminal"). The Court has reviewed Martin's affidavit. Although the Court has some skepticism that Martin has received no income from any source in the past twelve months,[1] so long as all the information in the affidavit shows that Martin is sufficiently poor, he may proceed *in forma pauperis*. *See Lee*, 231 F.3d at 459. Here, the affidavit shows that Martin has no significant assets, very little cash on hand, and almost no amount of money in his bank accounts. He therefore qualifies to proceed *in forma pauperis*. Accordingly,

IT IS ORDERED that Martin's Motion for Leave to Proceed in Forma Pauperis, Filing 2, is granted.

Dated this 15th day of February, 2023.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge

---

[1] The affidavit reports that Martin has approximately $640 in monthly expenses. Filing 2-1 at 5. It is not clear how Martin pays for these expenses if he has not had any income for the past twelve months nor held a job for the past two years.